## TRAVER v. BROWN.

(Circuit Court, D. Vermont. October 2, 1894.)

PATENTS—STITCH-BREAKING MACHINE—ANTICIPATION.

The Traver patent, No. 431,957, for a "stitch-breaking and raveling attachment for machines for sewing looped fabrics," which operates by wedging the threads apart, was not anticipated by the prior Congdon invention, which operated by seizing and pulling the threads; and defendant's machine, which operates in part, at least, by wedging the threads apart, is an infringement.

This was a rehearing upon new evidence in a suit by Adelbert Lee Traver against Eugene H. Brown for infringement of a patent. The case on the first hearing is reported in 62 Fed. 933.

Odin B. Roberts, for plaintiff.

Franklin Scott, for defendant.

WHEELER, District Judge. This case has been opened, and a copy of the file wrapper and contents of an application of Oliver J. Congdon, dated December 8, 1887, serial No. 257,297, for a patent "for an improvement in method for removing surplus material from machines for uniting knit or looped fabrics," put in evidence, with a stipulation that a machine was made, used, and broken up embodying the invention described. It has been further heard and considered upon this and the former evidence. In that machine, as understood, a point projecting from the corner of a square plate moving across the fabric entered the first stitch of a row, engaged the first thread of the stitch, with another plate clamped it, and, moving further, broke it; then, returning across the fabric, and releasing the loose end of the thread, another point projecting from another corner of the square plate entered the next stitch, with the other plate clamped the next thread, and, moving further, broke that; and so proceeded breaking the threads and removing the pieces till the thread of that row of stitches was all removed. It appears to have broken the threads of the stitches by seizing and pulling them, and is not shown to have done so at all by wedging them apart. Still it is argued to have so limited the field for invention which the plaintiff's patent might cover as to leave the defendant's machine outside. That machine is said to have pulled the threads apart, where the defendant's cuts them; and the defendant is said to have taken that invention by making the parts cut, rather than to have taken the plaintiff's invention as it is patented in this patent. This argument would be better founded if the defendant's machine divided the threads wholly without wedging, and the machine of the patent wholly excluded cutting. But the edges of the wedge of the patent are described as blunt or rounded only, "so as not to cut the fabric immediately on coming in contact with it," and are left so they may help division by abrasion, or cutting even, as well as by strain on further pressure. The defendant's machine appears to operate by wedging, according to the patent, even if it does cut, and cut more than the patent describes. Let there be a decree as before.